IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD TAVANA, | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-00906 |
| | ) | |
| v. | ) | |
| | ) | |
| ROSENTHAL, MORGAN AND THOMAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, RICHARD TAVANA, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, ROSENTHAL, MORGAN AND THOMAS, INC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   RICHARD TAVANA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of New Baltimore, County of Mason, State of Michigan.

5.   The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Monitronics International (hereinafter, "the Debt").

6. The Debt was for a home security unit which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ROSENTHAL, MORGAN AND THOMAS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Missouri.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about June 20, 2017, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. Within just a few days of receiving Defendant's aforementioned correspondence, Plaintiff mailed back to Defendant a letter that was just two lines written.

16. Plaintiff's letter stated, "[p]lease know that I refuse to pay this debt because I do not owe it and company terminated service by letter."

17. Plaintiff's letter unequivocally stated that he refuses to pay the Debt.

18. Defendant received Plaintiff's letter.

19. Despite receiving written notice that Plaintiff refused to pay the Debt, on July 27, 2017, Defendant sent another correspondence to Plaintiff.

20. Defendant's July 27, 2017 letter stated that it received Plaintiff's letter disputing the debt.

21. Defendant's July 27, 2017 letter provided a number of documents to Plaintiff seeking to establish validation of the debt. In addition, Defendant's July 27, 2017 letter stated, "We look forward to resolving this matter in a timely fashion."

22. In addition, Defendant's July 27, 2017 letter stated, "[t]his is an attempt to collect a debt; any information obtained will be used for that purpose."

23. At the time Defendant was attempting to collect the Debt from Plaintiff, Plaintiff was residing in the State of Michigan

24. At the time Defendant was attempting to collect the Debt from Plaintiff, Defendant was attempting to collect a Debt from Plaintiff while he was residing in the State of Michigan.

25. At the time Defendant was attempting to collect the Debt from Plaintiff, there was in full force and effect a statute in the State of Michigan that requires that all debt collectors collecting debts in the State of Michigan be licensed by the Michigan Department of Licensing and Regulatory Affairs.

26. At the time Defendant was attempting to collect the Debt from Plaintiff, Defendant was not licensed by the Michigan Department of Licensing and Regulatory Affairs.

27. Defendant is not licensed by the Michigan Department of Licensing and Regulatory Affairs.

28. Defendant's attempts to collect the Debt from Plaintiff in the State of Michigan were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff as required by Michigan state law.

29. Defendant's representations to Plaintiff that he had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that he had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

30. In its attempts to collect the debt allegedly owed by Plaintiff to Monitronics International, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

  b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD TAVANA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

          Respectfully submitted,
          **RICHARD TAVANA**

        By:  s/ Larry P. Smith
          Attorney for Plaintiff

Dated: October 17, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail:  lsmith@smithmarco.com